UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 18-cr-20342-BLOOM**

UNITED STATES OF AMERICA,

     Plaintiff,

v.

MARCUS ANTHONY COTTLE,

     Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Marcus Anthony Cottle's ("Defendant") Motion for Appointment of Counsel, ECF No. [27] ("Motion for Appointment") and Motion for Federal Sentence to be Credited to State Sentence, ECF No. [28] ("Motion for Credit"). Plaintiff United States of America ("Government") filed a Response in Opposition to both Motions, ECF No. [35] ("Response"). To date, Defendant has not filed a reply or requested additional time in which to do so. As such, the Court considers the Motions without the benefit of a reply. The Court has carefully reviewed the Motions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion for Appointment is denied, and the Motion for Credit is denied.

## I. BACKGROUND

On October 17, 2018, Judge Federico A. Moreno sentenced Defendant to a term of imprisonment of fifty (50) months, followed by three (3) years of supervised release, after Defendant pleaded guilty to the possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). ECF No. [25]. Defendant is currently housed at the United States Penitentiary in Coleman, Florida ("USP Coleman"). *See* ECF No. [27]. In the Motion for Appointment, Defendant

states that he "would like to be appointed counsel" in light of "Rahif [*sic*] vs. United States of America." *Id.* (presumably citing *Rehaif v. United States*, 139 S.Ct. 2191 (2019)). In the Motion for Credit, Defendant requests that the Court "order a jail credit from the time of Federal conviction towards the State sentence" in accordance with his state plea agreement. ECF No. [28]. The Government argues that Defendant is not entitled to counsel, and that this Court does not have jurisdiction to alter the state court's decision not to credit the entirety of Defendant's time in federal custody to his state sentence. *See generally* ECF No. [35].

## II. LEGAL STANDARD

### A. Appointment of Counsel

The Eleventh Circuit has held that although defendants have the Sixth Amendment right to counsel at trial and on direct appeal, defendants do not have the right to counsel when collaterally attacking their convictions. *See Hill v. Jones*, 81 F.3d 1015, 1024 (11th Cir. 1996) (citing *Pennsylvania v. Finley,* 107 S.Ct. 1990, 1993 (1987)). The Eleventh Circuit has also held that when defendants do not have the right to counsel, the court may appoint counsel only when the interests of justice or due process requires the appointment of counsel. *See Schultz v. Wainwright*, 701 F.2d 900, 901 (11th Cir. 1983) (citing 18 U.S.C.A. § 3006A(g); *Norris v. Wainwright,* 588 F.2d 130, 133 (5th Cir.), *cert. denied,* 100 S.Ct. 93 (1979)).

### B. Credit for Time Served

The Eleventh Circuit has held that, under the Supremacy Clause, federal courts cannot control how a state court sentences a defendant. *See United States v. Andrews*, 330 F.3d 1305, 1307, n.6 (11th Cir. 2003) (quoting *United States v. Ballard*, 6 F.3d 1502, 1509 (11th Cir. 1993) ("The tenet for dual sovereignty purposes is that each sovereign must respect not only the sentencing authority of the other, but also the sentence.")).

### III. DISCUSSION

### A. Appointment of Counsel

Defendant requests that the Court appoint counsel in light of *Rehaif*, 139 S.Ct. 2191. *See* ECF No. [28] at 1. In *Rehaif*, the Supreme Court held that for a prosecution under 18 U.S.C. § 922(g), the Government must prove that the defendant knew that he belonged to a category of persons barred from possessing a firearm. *See* 139 S.Ct. at 2200. The Government responds that the Sixth Amendment right to counsel does not extend beyond a trial and direct appeal. *See* ECF No. [35] at 3. The Government further argues that when a defendant does not have the right to counsel, the district court has the discretionary authority to appoint counsel only in the interests of justice. *See id.* According to the Government, the interests of justice do not warrant the appointment of counsel because Defendant presents a frivolous argument. *See id.*

The Court agrees with the Government. The Eleventh Circuit has held that a voluntary guilty plea admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings against a defendant. *See United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986) (quoting *United States v. Jackson*, 659 F.2d 73, 74 (5th Cir. 1981)); *see also United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003) ("Generally, a voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings."). The Eleventh Circuit has also held that a *Rehaif* error is not a jurisdictional error. *See United States v. Moore*, 954 F.3d 1322, 1336-37 (11th Cir. 2020), *cert. dismissed*, 141 S.Ct. 729 (2021), *and cert. denied*, 141 S.Ct. 2819 (2021). Therefore, in this case, Defendant has admitted all elements of the formal criminal charge by pleading guilty. Any claim that the Government has failed to satisfy the requirements of *Rehaif* is a frivolous, non-jurisdictional claim. The interests of justice do not

require appointment of counsel for such a frivolous claim. Because the Defendant is not otherwise entitled to the right to counsel, the Court denies Defendant's request for appointment of counsel.

### B. Credit for Time Served

Defendant requests that the Court credit the time he served in federal custody to his state sentence. *See* ECF No. [28]. The Government argues that the Court lacks jurisdiction to alter the sentence of a state court. *See* ECF No. [35] at 4. The Court agrees with the Government. As the Government correctly argues, the Supreme Court has determined that:

> In our American system of dual sovereignty, each sovereign—whether the Federal Government or a State—is responsible for the administration of its own criminal justice system . . . . And if [a prisoner] serves his federal sentence first, the State will decide whether to give him credit against his state sentences without being bound by what the district court or the Bureau said on the matter.

*Setser v. United States*, 132 S.Ct. 1463, 1471 (2012) (citation and internal quotation marks omitted); *see also* ECF No. [35] at 4. As such, the Court cannot alter the sentence of the state court to credit Defendant's federal sentence to his state sentence.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion for Appointment, **ECF No. [27]**, is **DENIED.** The Motion for Credit, **ECF No. [28]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 13, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Marcus Anthony Cottle
18832-104

Case No. 18-cr-20342-BLOOM

Coleman II-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 1034
Coleman, FL 33521
PRO SE